**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| CRAIG W. BOYKO | * | |
| | * | CASE NO. 09-20553 DWK |
| | | CHAPTER 7 |
| Debtor | * | |
| * * * * * * | * | |
| MARC H. BAER, TRUSTEE | * | |
| Plaintiff | * | |
| v. | * | |
| | | Adversary No. |
| GMAC MORTGAGE, LLC | * | |
| and | * | |
| | * | |
| MORTGAGE ELECTRONIC REGISTRATION, SYSTEMS, INC. | * | |
| and | | |
| | * | |
| RANDA S. AZZAM, ROBERT E. FRAZIER, LAUREN D. HARRIS, JOHN E. DRISCOLL, III, DANIEL J. PESACHOWITZ, and MICHAEL DYPSKI, TRUSTEES | * | |
| | * | |
| | * | |
| Defendants | * | |

* * * * * * * * * * * * * *

**MOTION OF CHAPTER 7 TRUSTEE**
**FOR AUTHORITY TO MARKET AND SELL REAL PROPERTY**
**KNOWN AS 335 S. EAST AVENUE, BALTIMORE, MARYLAND 21224**

**FREE AND CLEAR OF MONETARY LIENS AND ENCUMBRANCES**

NOW COMES Marc H. Baer, Trustee ("Trustee") for the Bankruptcy Estate of Craig W. Boyko, (the "Estate") and moves, pursuant to 11 U.S.C. §363 and Bankruptcy Rule 6004 for authority to market, offer and subject to further notice and orders, to sell and convey the interest of the Trustee and the Estate in certain real property known as 335 S. East Avenue, Baltimore, Maryland 21224  (the "Real Property") free and clear of monetary liens and encumbrances and in support thereof states:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this motion is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.  This motion is brought in accordance with the provisions of 11 U.S.C.
§§ 105(a) and 363.  This is a core proceeding pursuant to Fed. R. Bankr. P. 7001 and 28 U.S.C. § 157(b) (A), (F), (H), (N) and (O).

**BACKGROUND**

2.    The Debtor commenced this case by the filing of a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Court" or the "Bankruptcy Court,"); and that the Plaintiff is the duly appointed Chapter 7 Trustee and continues to serve as the Chapter 7 Trustee.

3.    Among the assets which constitute property of the Estate is the Debtor's right, title and interest in and to the real property known as 335 S. East Avenue, Baltimore, Maryland 21224 (the "Real Property").

4.    The scheduled value of the Property is $175,000.00.  The Real Property is being surrendered by the Debtor.

**Encumbrances, Liens and Interests**

5.    Upon information and belief, the above described Real Property is subject or may be subject to the following liens, claims or interests, all of which are in bona fide dispute by the

Trustee:[1]

| Lienholder | Basis for Debt | Estimated Amount of Lien | |
|---|---|---|---|
| GMAC Mortgage, LLC | Deed of Trust | $198,620,21 | Disputed / Adversary proceeding |
| Mortgage Electronic Registration, Systems, Inc. ("MERS") | Asserted to be the beneficial nominee of the current holder of the note secured by the Deed of Trust | | Disputed / Adversary proceeding |
| Randa S. Azzam, Robert E. Frazier, Laura D. Harris, John E. Driscoll, III, Daniel J. Pesachowitz, and Michael Dypski | Asserted to be the Substitute Trustees under the Deed of Trust | | Disputed/ Adversary proceeding |

## THE SALE OF THE PROPERTY

6.  The Trustee proposes to market, offer, and subject to further notice and orders, to sell and convey the Real Property sale, free and clear of liens, subject to the following terms and conditions, unless otherwise specifically agreed to with any lienholder.

The basic terms of the proposed offer for sale are as follows:

## Terms of Proposed Offer/ Sale

7.  In order to maximize the benefit to the estate, the Trustee proposes to market and, subject to further specific Notice pursuant to BR 2002(a), sell and conclude settlement upon the Real Property free and clear of monetary liens and encumbrances, with any unavoidable liens and monetary encumbrances to attach to the proceeds of sale. Accordingly, the Trustee proposes to market and offer the said property for sale, free and clear of liens, subject to the following terms and conditions, unless otherwise specifically agreed to with any lienholder:

---

[1] Simultaneously with the Motion to Sell Free and Clear of Liens, the Trustee has filed adversary proceedings pursuant to 11 U.S.C. 544 to avoid the liens of the Respondents.

| | | |
|---|---|---|
| a. | TYPE OF SALE: | Highest private negotiated sale. |
| b. | PROPERTY TO BE SOLD: | Debtor and the Estate's interest in 335 S. East Avenue, Baltimore, MD 21224. |
| c. | PURCHASE PRICE: | Highest qualified Private offer obtained. |
| d. | BUYERS: | Qualified "disinterested persons." |
| e. | PLACE AND TIME OF SALE: | As soon after Court approval as is practicable. |
| f. | REALTOR COMMISSIONS: | Six percent (6%). |
| g. | TRUSTEE'S COMMISSIONS: | As allowed by the Court. |
| h. | SETTLEMENT CHARGES: | As set forth in any further specific Notice pursuant to BR 2002(a). |

8. DISPOSITION OF PROCEEDS: The actual costs and expenses of any sale specifically including but not limited to realtor commissions, property management fees and expenses, charges, fees, and disbursements necessary for the marketing, conveyance and transfer of the property shall be payable and paid from the proceeds of sale. Trustee's commissions and expenses including expenses provided for under 11 U.S.C. §503 as allowable pursuant to Order of the Bankruptcy Court, shall be calculated on the gross sale proceeds to be received then segregated and escrowed pending Application and approval of such commissions and expenses by further Order of this Court after subsequent Notice. Thereafter, the unavoidable liens of lienholders, if any, against said property shall be transferred to and paid from the proceeds of the sale in the same priority and amount of said lien, mortgage, or security interest attached to the subject property, subject to the agreement of the parties, further subject to the provisions of 11 U.S.C. §363, 724, 726.

### Authority to Sell

9. Pursuant to §363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing may use, sell or lease property of the estate other than in the ordinary course of business.

10. The trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party

asserting such interest consents, (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

11. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of §363(f).

12. The Trustee believes, and therefore avers, that he will be able to demonstrate that he has satisfied one or more of these conditions with respect to each and every entity claiming an interest in or lien upon such property and that he should be authorized to sell the Property free and clear of all such liens, claims, encumbrances and interests. Specifically, creditors holding liens either (a) have or will consent to the sale under §363 (f) (2); (b) hold liens that are in bona fide dispute; or (c) the interests are liens and the entity asserting the lien could be compelled, in a legal equitable proceeding to accept a money satisfaction for such lien.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto:

A. Authorizing the sale and settlement of the Real Property on an "as is" basis free and clear of all liens, encumbrances, or interests, said liens, claims and interests, if any, to attach to the proceeds of sale in the same priority and amount said lien, mortgage, or security interest attached to the subject property, subject to a further determination as to their validity, priority or extent;

B. Authorizing the Trustee to take any and all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale and conveyance of the Real Property, including without limitation, executing a deed conveying the interests of the Debtor in the Property to the Buyer; and

C. Granting the Trustee such other and further relief as is just and proper.

                                          **/s/**
                                          MARC H. BAER, ESQUIRE
                                          455 Main Street
                                          Reisterstown, Maryland 21136
                                          443-712-2529
                                          mbaer@waldmangrossfeld.com
                                          Counsel for the Trustee

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this <u>14th </u>day of <u>August, 2009 </u>a copy of the foregoing Motion to Market, Offer and Sell Property of the Estate Free and Clear of Liens and attached Notice of Motion and hearing date was served electronically to those parties on the Court's CM/ECF service list and was mailed, first class mail, postage prepaid, unless indicated via certified mail, to:

| | |
|---|---|
| GMAC Mortgage, LLC<br>Serve: CSC-Lawyers Incorporating Service, Resident Agent<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | Craig Boyko<br>8414 Gullane Court<br>Pasadena, MD 21122 |
| Mortgage Electronic Registration Systems Inc<br>Sharon Horstkamp, Resident Agent<br>1595 Spring Hill Road, Suite 310<br>Vienna, VA 22182 | Constance M. Hare, Esquire<br>723 South Charles Street, Suite LL3<br>Baltimore, MD 21230 |
| Mortgage Electronic Registration, Inc<br>R.K. Arnold, CEO & President<br>1595 Spring Hill Road, Suite 310<br>Vienna, VA 22182 | Office of the U.S. Trustee<br>101 West Lombard Street, Room 2625<br>Baltimore, Maryland 21201 |
| Randa S. Azzam, Substitute Trustee<br>5040 Corporate Woods Drive<br>Virginia Beach, VA 23462 | Laura D. Harris, Substitute Trustee<br>5040 Corporate Woods Drive<br>Virginia Beach, VA 23462 |
| Robert E. Frazier, Substitute Trustee<br>5040 Corporate Woods Drive<br>Virginia Beach, VA 23462 | John E. Driscoll, III, Substitute Trustee<br>5040 Corporate Woods Drive<br>Virginia Beach, VA 23462 |
| Daniel J. Pesachowitz, Substitute Trustee<br>5040 Corporate Woods Drive<br>Virginia Beach, VA 23462 | Michael Dypski, Substitute Trustee<br>5040 Corporate Woods Drive<br>Virginia Beach, VA 23462 |

                                    <u>/s/</u>_____<br>
                                    Marc H Baer, Esquire