IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE:<br><br>CRAIG W. BOYKO<br><br>　Debtor | Case No. 09-20553 DWK (Ch.7) |
| MARC H. BAER, TRUSTEE<br><br>　Plaintiff<br><br>V.<br><br>GMAC MORTGAGE, LLC, et. al.<br><br>　Defendants | Adversary No. 09-00542 |

OPPOSITION TO MOTION OF TRUSTEE FOR AUTHORITY TO MARKET AND SELL
REAL PROPERTY KNOWN AS 335 EAST AVENUE, BALTIMORE MARYLAND  21224

　　GMAC Mortgage, LLC, a secured creditor, and a named defendant in Adversary Case o. 09-00542, through its attorney, Thomas C. Valkenet, opposes the motion of the Trustee and says:

1. GMAC has filed a Motion for Relief From Automatic Stay, which motion is due to be heard on September 14, 2009, @ 1:30 P.M. In response, the Trustee has filed the instant motion.

2. Clouding the issue, however, is the Trustee's filing of an adversary case against GMAC and others, which case is predicated on the same factual allegations.  In sum, the Trustee alleges that the absence of certain formalities in GMAC's lien instruments render them unenforceable.

3. The Adversary case was filed August 14, 2009. GMAC's responsive pleading is not due until September 18, 2009, four days after the scheduled hearing on the Motion for Relief from Automatic Stay, and the Trustee's Motion to Sell Free and Clear of Liens.

4. It is GMAC's intent to defend its lien instruments in the adversary proceeding. That defense will likely entail written discovery and a brief motion practice at the conclusion of discovery. The timetable for disposing of the claim in the adversary proceeding will be governed by a separately filed scheduling order, with dates set either by consent or by court order after a scheduling conference.

5. It is plain that the issues raised in the Trustee's Motion are tied up in the adversary proceeding, and are not ripe for decision in the context of the pending motion.

6. It would best serve the interests of justice, and conserve the scarce resources of this Court to deny the Trustee's motion, without prejudice. The Trustee's claims will be fully and finally adjudicated in the adversary proceeding.

WHEREFORE, GMAC requests that the Trustee's Motion be denied, without prejudice.

       /s/
Thomas C. Valkenet #03968
Young & Valkenet
600 Wyndhurst Avenue, Suite 230
Baltimore, Maryland  21210
(410)323-0900
tcv@youngandvalkenet.com

Attorney for GMAC Mortgage, LLC

2

<u>Certificate of mailing</u>

I HEREBY CERTIFY, that on September 8, 2009, the following persons were served electronically via the CM/ECF system, or were mailed a copy of this item by regular mail, postage prepaid:

Marc H. Baere, Trustee  
455 Main street  
Reisterstown, Maryland  21136

Kevin R. Feig, Esquire  
Bierman, Geesing & Ward, LLC  
4520 East West Highway, Suite 200  
Bethesda, Maryland  20814

Attorney for GMAC

Constance M. Hare  
723 South Charles Street, suite LL3  
Baltimore, Maryland  21230

Attorney for Debtor

_____/s/_____  
Thomas C. Valkenet